```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUIS E. MUNOZ, et al.         :      CIVIL ACTION
                              :
          v.                  :
                              :
CITY OF PHILADELPHIA, et al.  :      NO. 05-5318
```

MEMORANDUM

Bartle, C.J.                                             March 3, 2008

       Defendants, City of Philadelphia (the "City") and the Philadelphia Redevelopment Authority ("RDA"), have moved for a stay of execution of a money judgment against them pending appeal without the necessity of posting a supersedeas bond. Plaintiffs oppose the motion.

       Plaintiffs Luis and Deborah Munoz (the "Munozes"), who are husband and wife, and General Farmers Market, Inc. obtained a jury verdict against defendants in the amount of $497,230. Following the granting in part of defendants' post-trial motions, the court entered an amended judgment against the City and the RDA, jointly and severally, in the amount of $429,230. Thereafter, defendants filed a notice of appeal but did not obtain a supersedeas bond. Plaintiffs subsequently served notice that they would begin execution. This motion followed.

       Defendants cite Rule 62(d) and (f) of the Federal Rules of Civil Procedure, which provide:

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action

>described in Rule 62(a)(1) or (2).[1]  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.
>
>...
>
>**(f) Stay in Favor of a Judgment Debtor Under State Law.**  If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

We first consider Rule 62(f).  Under Pennsylvania law, "[a]ny judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property ...."  42 Pa. Const. Stat. Ann. § 4303(a).  Once the judgment is recorded, it becomes a lien on the real property of the debtor in the county in which the judgment is recorded.  See <u>In re Upset Sale, Tax Claim Bureau of Berks County</u>, 479 A.2d 940, 943 (Pa. 1984); <u>North Am. Specialty Ins. Co. v. Chichester Sch. Dist.</u>, 2001 U.S. Dist. LEXIS 5544 at *4-*5 (E.D. Pa. Apr. 4, 2001).

Moreover, Rule 1736(a)(2) and (b) of the Pennsylvania Rules of Appellate Procedure state:

>**(a) General rule.**  No security shall be required of:
>
>...
>
>>(2) Any political subdivision or any officer thereof, acting in his official capacity, except in any case in which a common pleas court has affirmed an arbitration award in a grievance or similar personnel matter.

---

1.  Rule 62(a)(1) and (2) are not applicable here.

-2-

> ...
>
> **(b) Supersedeas automatic.** Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party.

There can be no doubt that the judgment at issue is a lien on the real estate of the City of Philadelphia under Pennsylvania law, that the City is a political subdivision of the Commonwealth of Pennsylvania, and that the City is exempt under state law from filing security on appeal. The City is therefore exempt from filing a bond in this court under Rule 62(f).

Plaintiffs assert, however, that the RDA is not a political subdivision. Plaintiffs point to the answer of the RDA to plaintiffs' complaint in which it pleaded: "Defendant RDA is a body corporate and politic, organized pursuant to the Urban Development Law, 35 P.S. § 1701 et seq. It is not a municipal body." Answer, ¶ 7. Assuming that the RDA is not a political subdivision as that term is used in the Pennsylvania Appellate Rules, we turn to Rule 62(d). As noted above, it reads in relevant part that "if an appeal is taken, an appellant may obtain a stay by supersedeas bond." Plaintiffs argue that only exceptional circumstances, which in their view do not exist here, allow a court to exempt an appellant from filing a bond. See Schreiber v. Kellogg, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993). In Schreiber, the judgment debtor was an individual and not a governmental or quasi-governmental entity, such as the City or

the RDA.  The court found that exceptional circumstances did not exist to excuse him from filing a bond on appeal.

Our Court of Appeals has not had occasion to pass upon Rule 62(d).  Other Courts of Appeals, however, have held that Rule 62(d) does not preclude a district court from staying the execution of a judgment pending appeal without the filing of a supersedeas bond.  The Court of Appeals for the Seventh Circuit has explained, 'the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay.'  Arban v. West Publ'g Corp., 345 F.3d 390, 409 (7th Cir. 2003).  It cautioned against inflexibility where it is plain that the judgment debtor can pay the judgment and a bond would be a waste of money.  Id.  See also, Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755 (D.C. Cir. 1980).

In Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988), the Court of Appeals reversed a District Court for failure to allow the City of Chicago an automatic stay pending an appeal of a money judgment.  It enumerated a number of factors to consider:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment ...; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" ...; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position ....

Id. at 904-05 (internal citations omitted).

The City and the RDA agree that if there is any liability in favor of plaintiffs, it is joint and several as set forth in the judgment.  In support of defendants' pending motion, the City has submitted a verified statement by its Budget Director, Stephen Agostini, pursuant to 28 U.S.C. § 1746.  He stated that the City maintains an Indemnities Fund from which settlements and judgments against the City are paid.  Historically, $25 million has been appropriated annually by the City Council of Philadelphia.  For the fiscal year 2007, $20 million has been appropriated with a pending bill in City Council to add an additional $5 million.  The Mayor's budget for fiscal year 2009, beginning on July 1, 2008, proposes $25 million for the Fund.  From what Mr. Agostini has said, we have no reason to believe that the judgment, if affirmed, would not be paid and paid promptly.  The plaintiffs have countered with no evidence that the City will either be unwilling or unable to pay the judgment at issue in a timely manner.

We find and conclude that the City of Philadelphia has sufficient funds to pay the $429,230 judgment in favor of plaintiffs.  We reiterate that there is no basis to think that prompt payment will not take place should the judgment be sustained on appeal.  Under the circumstances, the financial condition of the RDA is of little concern because plaintiffs will be able to obtain full satisfaction from the City.  To require a bond of either would be a waste of taxpayers' money.

Accordingly, we will stay execution on the judgment against the City and the RDA without the filing of a supersedeas bond.  We do so pursuant to Rule 62(d) and (f) as to the City and Rule 62(d) as to the RDA.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUIS E. MUNOZ, et al.            :    CIVIL ACTION
                                 :
          v.                     :
                                 :
CITY OF PHILADELPHIA, et al.     :    NO. 05-5318
```

ORDER

AND NOW, this 3rd day of March, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendants City of Philadelphia and the Philadelphia Redevelopment Authority to stay the execution of judgment pending appeal and to waive the bond requirement is GRANTED; and

(2) execution of the amended judgment is STAYED pending appeal, and no supersedeas bond is required.

BY THE COURT:

/s/ Harvey Bartle III
C.J.